**STERLING TRUCK CORPORATION, Appellant,**

v.

**SACRAMENTO VALLEY FORD TRUCK SALES, INC., Appellee.**

[Cite as *Sterling Truck Corp. v. Sacramento Valley Ford Truck Sales, Inc.* (2001), 141 Ohio App.3d 397.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 77920.

Decided Feb. 12, 2001.

*Davis & Young* and *Jan L. Roller; Foley & Lardner, Jon P. Christiansen, Roxana E. Cook, Brian P. McGrath* and *Thomas L. Shriner, Jr.*, for appellant.

*Calfee, Halter & Griswold, Mark I. Wallach* and *Anthony F. Stringer*, for appellee.

MICHAEL J. CORRIGAN, Judge.

Sterling Truck Corp., a manufacturer of heavy trucks, and Sacramento Valley Ford Truck Sales, Inc., a California truck dealer, entered into a franchise agreement which, as relevant to this appeal, called for arbitration of all disputes arising under the franchise agreement. When Sterling attempted to terminate the franchise agreement, Sacramento Valley Ford exercised its right to file a protest with the California New Motor Vehicle Board. Sterling then filed suit in the trial court seeking to compel arbitration as required by the franchise agreement. The court conducted a hearing, found that the arbitration provision of the franchise agreement conflicted with California law, and denied the motion to compel. Sterling appeals from that ruling.

Section K, Article XV of the franchise agreement contains this arbitration clause:

"**ARBITRATION**

"DEALER AND COMPANY agree that any claim, controversy, protest, or dispute (whether for damages, stay of action, or otherwise) relating to or arising from the Agreement or any claim of breach of the Agreement, or the relationship of DEALER AND COMPANY, including, but not limited to, any claim based on any local, state, or Federal statute, or any claim related to the termination of the Agreement * * * shall be settled by arbitration, subject to the following procedures:

"* * *

"2.  Exclusive Remedy

"Arbitration shall be the sole and exclusive remedy in such cases, and the decision and award of the arbitrator shall be final and binding on both parties."

Section H, Article XVIII of the franchise agreement states:

## "H. SEVERABILITY

"This Agreement is a general form intended for use throughout the United States of America. Any provision of this Agreement which in any way contravenes any law of any relevant jurisdiction shall be deemed not to be a part of this Agreement in such jurisdiction, and shall not, because of such contravention, be deemed to in any way invalidate this Agreement of any other part thereof."

When Sterling gave notice of its intent to terminate the franchise agreement, it gave Sacramento Valley Ford required notice that California law gave franchisees the right to protest the termination to the California New Motor Vehicle Board ("board"). California law gives the board authority to determine whether good cause supports a decision to terminate a franchise. See Cal. Vehicle Code 3066(b). Board decisions are subject to judicial review. See Cal. Vehicle Code 3068. Sacramento Valley Ford filed a protest with the board, and the board set the matter for hearing.

Sterling then filed this action seeking to compel arbitration on grounds that principles favoring the resolution of disputes by arbitration, as espoused in the Federal Arbitration Act, took precedence over action by the board. Sacramento Valley Ford resisted the motion to compel arbitration, arguing that the severability clause in the franchise agreement gave California law precedence. The court agreed with Sacramento Valley Ford, holding that "* * * the mandatory provisions of the California Vehicle Code conflict with the federal arbitration clause of the contract and therefore under the severance clause, the contract does not contain the requirement that the parties arbitrate their agreement under the F.A.A. As a result, the Court denies the Plaintiff's request for a permanent injunction and order compelling arbitration and upholds Defendant's entitlement to use the administrative proceeding available to it in California."

Section 2 of the Federal Arbitration Act, Title 9, U.S.Code, states:

"A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

The Federal Arbitration Act contains Congress' declaration of a "national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Southland Corp. v. Keating* (1984), 465 U.S. 1, 10, 104 S.Ct. 852, 862–863, 79 L.Ed.2d 1, 17–18. To that end, the states have no authority to prohibit the arbitration of disputes. See, *e.g.*, *Saturn Distrib. Corp. v. Williams* (C.A.4, 1990), 905 F.2d 719.

But the limitation on the right of states to prohibit arbitration is not the same thing as requiring arbitration of disputes. Arbitration is a matter of contract, and a party cannot be forced to arbitrate in the absence of a specific agreement to do so. *AT&T Technologies, Inc. v. Communications Workers of Am.* (1986), 475 U.S. 643, 648–649, 106 S.Ct. 1415, 1418–1419, 89 L.Ed.2d 648, 655–656. Moreover, "arbitration under the [Federal Arbitration Act] is a matter of consent, not coercion, and parties are generally free to structure their arbitration agreements as they see fit." *Volt Info. Sciences, Inc. v. Leland Stanford Junior Univ. Bd. of Trustees* (1989), 489 U.S. 468, 479, 109 S.Ct. 1248, 1255–1256, 103 L.Ed.2d 488, 500.

In *Volt*, the contract contained a choice-of-law clause providing that the contract would be governed by California law. California Code of Civil Procedure 1281.2(c) provided that a court may stay arbitration pending resolution of related litigation where there is a possibility of conflicting rulings on a common issue of law or fact. The United States Supreme Court held that Section 2 of the Federal Arbitration Act was inapplicable because the parties themselves had agreed to the California limitations on arbitration by including the choice-of-law provision. The United States Supreme Court stated:

"There is no federal policy favoring arbitration under a certain set of procedural rules; the federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate. Interpreting a choice-of-law clause to make applicable state rules governing the conduct of arbitration—rules which are manifestly designed to encourage resort to the arbitral process—simply does not offend the rule of liberal construction set forth in *Moses H. Cone* [*Memorial Hosp. v. Mercury Constr. Corp.* (1983), 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765], nor does it offend any other policy embodied in the FAA." *Volt*, 489 U.S. at 476, 109 S.Ct. at 1254, 103 L.Ed.2d at 498.

The court went on to say:

"Arbitration under the Act is a matter of consent, not coercion, and parties are generally free to structure their arbitration agreements as they see fit. Just as they may limit by contract the issues which they will arbitrate, see *Mitsubishi* [*Motors Corp. v. Soler Chrysler–Plymouth, Inc.* (1985), 473 U.S. 614, 628, 105

S.Ct. 3346, 3354–3355, 87 L.Ed.2d 444, 456 ], so too may they specify by contract the rules under which that arbitration will be conducted. Where, as here, the parties have agreed to abide by state rules of arbitration, enforcing those rules according to the terms of the agreement is fully consistent with the goals of the FAA, even if the result is that arbitration is stayed where the Act would otherwise permit it to go forward. By permitting the courts to 'rigorously enforce' such agreements according to their terms * * *, we give effect to the contractual rights and expectations of the parties, without doing violence to the policies behind the FAA." *Id.*, 489 U.S. at 479, 109 S.Ct. at 1256, 103 L.Ed.2d at 500.

By incorporating the severability provision into the franchise agreement, the parties consciously recognized that various state laws might affect the validity of the agreement. We view the severability clause, in conjunction with the remedies afforded by Cal. Vehicle Code 3068, as the parties' conscious intent to limit the otherwise broad scope of arbitration. Indeed, Sterling's letter terminating the franchise specifically gave notice to Sacramento Valley Ford that it had the right under California law to file a protest with the board. The mandatory arbitration clause of the franchise agreement contravenes a franchisee's right to protest a franchise termination under California law. Therefore, to the extent that the arbitration clause of the franchise agreement infringes upon a right granted under California law, the severability provision would operate to remove the arbitration provision under this limited circumstance.

Sterling claims that this interpretation of the franchise agreement would undermine the intent of the parties. Sterling points to testimony by its director of dealer operations that showed that Sterling made it a point, when speaking to potential franchisees, that all disputes arising under the franchise agreement would be subject to binding arbitration. The court heard that testimony over objections that it constituted parol evidence, reserving the right to rule at the close of evidence. The court later appeared to agree that it could not delve into the intent of the parties absent some ambiguity, an ambiguity that the court said that "I'm not really seeing * * *."

We agree with the court. The contract contains no ambiguity requiring parol evidence. It follows that Sterling's attempts to show its intent to enforce binding arbitration for all disputes under the contract were improper. The severability clause compels the conclusion that California law permitting an administrative protest for the termination of a franchise controls over the arbitration clause. The court did not err in reaching this conclusion. The assigned error is overruled.

*Judgment affirmed.*

KARPINSKI, A.J., and TIMOTHY E. MCMONAGLE, J., concur.